FILED
U.S. DISTRICT COURT
2010 SEP 29 P 1: 33
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DEANN HOUGHTON, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | ~~PROPOSED~~ MEMORANDUM OPINION AND ORDER <br><br> Case No. 2:10-cv-00209-BSJ <br><br> Honorable Bruce S. Jenkins |

Deann Houghton appeals the Commissioner of Social Security's decision denying her claim for Disability Insurance Benefits and Supplemental Security Income under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381-1383c. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court REVERSES and REMANDS the Commissioner's decision for further consideration.

## LEGAL STANDARDS

This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the

evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

## BACKGROUND

Deann Houghton, the plaintiff, filed an application for Disability Insurance Benefits and Supplemental Security Income on August 9, 2006. (T. 105-109, 110-115). Ms. Houghton's claim was initially denied on February 12, 2007 (T. 62, 63), and upon reconsideration on May 9, 2007. (T. 65, 66). Ms. Houghton timely requested a hearing before an Administrative Law Judge ("ALJ") on July 5, 2007. (T. 81).

A hearing was held on July 23, 2008, in Salt Lake City, Utah before Administrative Law Judge, Robin L. Henrie. (T. 17). The ALJ issued a decision finding Ms. Houghton not disabled on October 17, 2008. (T. 5). In this decision, the ALJ acknowledged that Ms. Houghton suffered from the severe impairments of degenerative disk and joint disease of the back, symptomatic carpal tunnel syndrome bilaterally, obesity, and depression. (T. 11). He also found signs of shoulder impingement and knee impairments. (T. 10). However, he concluded that while these impairments might reasonably be expected to cause the symptoms and pain complained of by Ms. Houghton, he did not find Ms. Houghton's reports of the intensity, persistence, and limiting effects of these symptoms credible. (T. 13). He also did not accept the opinions of Ms. Houghton's treating physician, Dr. Allen Day. (T. 14).

On February 5, 2010, the Appeals Council denied Ms. Houghton's request for review of the ALJ's decision. (T. 1). This Appeals Council denial was the final administrative decision of the Commissioner of Social Security in this case. *See* 20 C.F.R. § 416.1481.

## DISCUSSION

The 10th Circuit has established that findings as to credibility should be closely and affirmatively linked to substantial evidence. *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th

Cir. 2002). In the present case, the ALJ rejected Ms. Houghton's credibility largely based on her activities of daily living. (T. 13). In order to support the ALJ's rejection of Ms. Houghton's credibility, Ms. Houghton's daily activities must either contradict her report of functional limitations or show an ability to maintain substantial gainful activity. *Anderson v. Apfel*, 100 F. Supp. 2d 1278, 1289 (D. Kan. 2000); *Pinnt v. Chater*, 988 F. Supp. 1354, 1359 (D. Colo. 1997). However, Ms. Houghton's daily activities as reported by Ms. Houghton, and even as reported by the ALJ, do not meet either one of these standards. The ALJ makes no citation to the record explaining how Ms. Houghton's activities of daily living are either contradictory or how they show she would be capable of maintaining substantial gainful activity.

Furthemore, the ALJ found that the medical record was "not reasonably consistent with or supportive of the claimant's allegations." (T. 13). Again, he cites to no medical evidence in support of this statement. For these reasons, the ALJ did not fulfill his obligation to link his findings as to credibility "closely and affirmatively" to substantial evidence. *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002). Therefore, this Court finds that the ALJ failed to support his credibility findings with substantial evidence as is required. For these reasons, this case must be reversed and remanded to allow the ALJ to support any credibility finding with citations to the evidence.

The ALJ also erred by failing to state what weight, if any, was being given to the opinions of Dr. Allen Day, Ms. Houghton's treating physician. Social Security Ruling 96-2p establishes a two-step sequential process for determining whether a treating source's opinion should be given controlling weight. First, the ALJ must determine if the treating physician's opinion is entitled to controlling weight. Second, even if the ALJ does not give treating source

opinions controlling weight, the opinions are still entitled to deference, and the ALJ must still evaluate those opinions using the factors in 20 C.F.R. § 404.1527 and 416.927. The reviewing court must remand a case where the ALJ fails to explain in the decision both the weight given to a treating source's opinions, and the reasons for assigning that particular weight. *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). In this case, the ALJ failed to properly evaluate the opinions of Ms. Houghton's treating physician, Dr. Allen Day.

In this case, the ALJ failed to articulate what weight, if any, he was giving to Dr. Day's opinion, he simply stopped after determining that it was not entitled to "significant" weight. (T. 14). The 10th Circuit in *Watkins* decided whether it should remand a case where the ALJ did not articulate the weight given to the plaintiff's treating physician's opinions. In reviewing the ALJ's decision, the Court could not determine what weight the ALJ had given the treating physician's opinion or the reasons for assigning that weight or rejecting the opinions altogether. *Watkins*, 350 F.3d at 1301. The Court determined that it could not presume that the ALJ applied the correct legal standards in considering the treating physician opinion and remanded the case because it could not meaningfully review the ALJ's decision. *Id.*

The ALJ then compounded this error by failing to support his apparent rejection of at least portions of Dr Day's testimony with substantial evidence. He stated that his evaluation of Dr. Day's opinions was based on Ms. Houghton's activities of daily living and the "clinical record". (T. 14). However, he again makes not one citation to the record that supports this statement. The Commissioner suggests that the ALJ incorporated many of Dr. Day's opinion into his decision, however, this just illustrates why the ALJ must state clearly what weight is being given to the opinions of a treating physician. The fact that the ALJ seems to accept some

—4—

of Dr. Day's limitations, but rejects those that would direct a finding of disabled with not one citation to the medical record, is why the weight given to a medical opinion "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave." SSR 96-2p.

Therefore, the Court finds that the ALJ erred by failing to state what weight was being given to the opinions of Dr. Day and that error is not harmless. Furthermore, the ALJ must provide specific citations to the medical record in support of his findings. Thus, the ALJ's decision must be remanded for further consideration of Dr. Day's opinions.

## CONCLUSION

Having determined that the Commissioner's decision is not based on substantial evidence or free of error, the Commissioner's decision is REVERSED and REMANDED for further consideration as to Ms. Houghton's credibility and the weight given to Dr. Day's opinions and how they will impact Ms. Houghton's residual functional capacity and her ability to work.

It is so ordered.

DATED this 29th of Sept., 2010.

Honorable Bruce S. Jenkins
United States District Court Judge